# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI FREEMAN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCY SERVICES CORP, an unknown business entity,<br><br>Defendant. | No. 2:16-cv-01151-TLN-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Plaintiff Sherri Freeman's ("Plaintiff") Motion to Remand (ECF No. 7). Defendant Mercy Services Corp's ("Defendant") opposes the motion. (ECF No. 9.) Plaintiff filed a reply. (ECF No. 11.) Having reviewed the briefing filed by both parties and for the reasons set forth below, the Court hereby GRANTS Plaintiff's Motion to Remand (ECF No. 7).

**I.    FACTUAL BACKGROUND**

On September 14, 2015, Plaintiff filed a complaint in the Superior Court of California, County of Sacramento against Defendant on behalf of herself and all others similarly situated. (ECF No. 1-2 at 3–29.) Plaintiff alleges claims for various violations of state law: (1) unpaid overtime; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid

1

minimum wages; (5) final wages not timely paid; (6) wages not timely paid during employment; (7) non-compliant wage statements; (8) failure to keep requisite payroll records; (9) unreimbursed business expenses; and (10) unlawful business acts and practices. (ECF No. 1-2 at 12–23.) Plaintiff defines the class as "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (ECF No 1-2 ¶ 14.)

On May 27, 2016, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (ECF No. 1.) In support of removal, Defendant submitted the declaration of Christopher Reed, the Senior Vice President of Operations for Mercy Housing Management Group, Inc. (Reed Decl., ECF No. 1-2 at 51–53.) Mr. Reed caused inquiries to be made regarding the number of non-exempt employees employed by Defendant during the time period of the Complaint, the total number of pay periods worked by non-exempt employees, and their average hourly wage. (Reed Decl. ¶ 5.) Mr. Reed also caused an inquiry to be conducted into the number of non-exempt employees who were discharged or voluntarily ended employment with Defendant. (Reed Decl. ¶ 6.)

On June 3, 2016, Defendant filed a motion to dismiss. (ECF No. 5.) On June 27, 2016, Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction. (ECF No. 7.) Plaintiff only challenges whether the amount in controversy requirement of the CAFA is satisfied. In its Opposition, Defendant contends the total amount in controversy is approximately $16,805,789. (ECF No. 9 at 24.) The alleged total is derived from unpaid overtime ($1,596,088), meal violations ($872,039), rest violations ($872,039), minimum wage violations ($6,477,975), waiting time penalties ($1,254,490), penalties for non-compliant wage statements ($2,372,000), and attorney's fees ($3,361,157). (ECF No. 9 at 23–24.)

**II.    STANDARD OF LAW**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

CAFA gives federal district courts jurisdiction where: (1) the amount in controversy exceeds $5,000,000; (2) the number of members of all proposed plaintiff classes in the aggregate is 100 or greater; and (3) there is minimal diversity between the defendants and plaintiffs. 28 U.S.C. § 1332(d). In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Moreover, the claims of class members may be aggregated to determine whether the amount in controversy requirement has been satisfied. *Id.*; 28 U.S.C. § 1332(d)(6). In a CAFA case, "the proper burden of proof imposed on a [removing] defendant to establish the amount in controversy is the preponderance of the evidence standard." *Rodriguez v. AT&T mobility Services, Inc.*, 728 F.3d 975, 977 (9th Cir. 2013).

"[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550 (2014). However, "[t]he burden of establishing removal jurisdiction under CAFA lies with the proponent of federal jurisdiction." *Turner v. Corinthian Int'l Parking Servs., Inc.*, No. C 15-03495 SBA, 2015 WL 7768841, at *1 (N.D. Cal. Dec. 3, 2015) (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). Thus, Defendant must establish that this Court has jurisdiction over Plaintiff's claims. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). In order to determine whether the removing party has met this burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

**III. ANALYSIS**

Plaintiff does not dispute that this matter as pled involves more than 100 class members or that minimal diversity exists between the parties. (*See* ECF No. 7.) The only question before the Court is whether Defendant has established by a preponderance of the evidence that the amount in

controversy exceeds $5 million. Defendants argue the amount in controversy is at least $16,805,789 based on estimates of the amount in controversy for six of the ten causes of action. (ECF No. 9 at 24.) Plaintiff asserts Defendant fails to meet its burden of proof because Defendant relies on an unsupported declaration and the estimates are based on assumptions and speculative numbers. (ECF No. 11 at 2.) The Court agrees. As explained below, under the preponderance of the evidence standard, Defendant has failed to satisfy its burden.

### A. Unpaid Overtime

Plaintiff seeks restitution for herself and all others similarly situated for unpaid overtime in violation of California Labor Code §§ 510 & 1198. (ECF No. 1-2 at 3.) Defendant contends in its opposition that the estimated amount in controversy is $1,596,088.[1] (ECF No. 9 at 15.) Plaintiff asserts that Defendant's calculations are too speculative because Defendant assumes without support that each employee was entitled to "one hour of overtime pay per pay period." (ECF No. 9 at 15.) Defendant argues Plaintiff does not allege how many hours of overtime she or the other class members are entitled to. (ECF No. 9 at 15.) Defendant contends when the complaint is generalized, as is the case here, a defendant may calculate the amount in controversy based on reasonable assumptions. (ECF No. 9 at 15 (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010)).) Defendant argues that one hour of overtime per pay period is reasonable because Plaintiff alleged that she and the other class members were entitled to overtime pay "at all material times." (ECF No. 9 at 15.)

"Courts have been skeptical of high CAFA estimates that rely solely on declarations with non-specific human resource data." *Page v. Luxottica Retail N. Am. Inc.*, Civ. No. 2:13-01333 MCE KJN, 2015 WL 966201, at *11 (E.D. Cal. Mar. 4, 2015). The Ninth Circuit in *Ibarra* relied on a single declaration and the complaint when it found that a "pattern and practice of doing something does not necessarily mean always doing something." *Ibarra*, 775 F.3d at 1198–99. The Ninth Circuit noted the complaint alleged a pattern or practice, but did not say that the pattern or practice was universally followed each and every pay period. *Id.* at 1199.

---

[1] This number is based on a finding of approximately 518 non-exempt or hourly paid employees, 125 pay periods and an average minimum wage of $16.43. (ECF No. 9 at 15.) Defendant derived these numbers from the declaration of Audrey Stepp. (Stepp Decl., ECF No. 9-1 ¶ 7.)

4

Here, Defendant cites the term "at all material times" used in Plaintiff's complaint in order to explain why Defendant assumed one hour of overtime per pay period. However, just as "pattern and practice" does not mean always or universally, neither does "at all material times" mean each and every pay period. There is no explanation as to why at all material times could not mean one hour of overtime a month or any other number of hours or intervals. *See Garibay v. Archstone Communications LLC*, 539 Fed. App'x 763, 764 (9th Cir. 2103) (questioning why two missed rest periods per paycheck was more appropriate than one missed rest period per paycheck or one missed rest period per month). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million, the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Trasnp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). Defendant has not shown that its assumption of one hour of over time per pay period is a reasonable assumption. Accordingly, Defendant has failed to meet its burden to demonstrate the amount in controversy on Plaintiff's unpaid overtime claim is $1,596,088.

### B. Remaining Claims

Defendant uses the same assumption of one violation per pay period and reasoning in its calculations of the amount in controversy for Plaintiff's claims for unpaid meal period premiums, unpaid rest period premiums, and alleged minimum wage violations. (*See* ECF No. 15 at 16–18.) Courts have applied the above cited cases uniformly to claims for overtime as well as missed meal and rest periods and minimum wage. *See Amaya v. Apex Merchant Group, LLC*, No. 2:16-00050 WBS CKD, 2016 WL 881152, at *3–5 (E.D. Cal. March 8, 2016) (applying the *Ibarra* analysis to claims for failure to timely pay minimum wage and failure to provide meal and rest periods). Accordingly, for the reasons detailed above, Defendant similarly has not met its burden to establish the amount in controversy for Plaintiff's claims for unpaid meal period premiums, unpaid rest period premiums, and alleged minimum wage violations.

Defendant conducted calculations on three other claims, waiting time penalties ($1,254,490), non-complaint wage statements ($2,375,000), and attorney's fees ($3,361,157). (ECF No. 9 at 23–24.) Defendant's calculation of attorney's fees is no longer accurate in light of

the Court's determination that the above calculations were unreasonable. Assuming the waiting time penalties and non-compliant wage statements are accurate, Defendant has only demonstrated an amount in controversy of $3,629,490. Courts allow defendants to estimate attorney's fees at an amount of 25% of the potential damages. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). However, when the underlying amount used to calculate attorney's fees is not at least $4 million, the 25% recovery rate would not allow the amount in controversy to reach the $5 million minimum. *See Garibay*, 539 Fed. App'x at 764. Accordingly, Defendant fails to meet its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million.

The Court recognizes that Defendant's burden of demonstrating the amount in controversy exceeds $5 million requires it to find a balance between using speculative facts and assumptions to calculate the amount and providing too many facts such that Defendant essentially admits liability. *See Armstrong v. Ruan Transp. Corp.*, No. 16-1143-VAP (SPx), 2016 WL 6267931, at * 7 (C.D. Cal. Oct. 25, 2016). However, "there are methods of determining a reasoned basis for the calculations such as random sampling and . . . using actual numbers, rather than averages." *Weston, v. Helmerich & Payne Inter. Drilling Co.*, No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (E.D. Cal. Sept. 17, 2013); *see also LaCross*, 775 F.3d at 1203 (finding sufficient evidence to establish amount in controversy based on extrapolating fuel costs based on the actual cost of fuel and the actual number of drivers).

### IV. CONCLUSION

For the above state reasons, the Court ORDERS as follows:

1. Plaintiff's Motion to Remand (ECF No. 7) is hereby GRANTED.
2. Defendant's Motion to Dismiss (ECF No. 5) is hereby DENIED as MOOT.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: June 13, 2017

Troy L. Nunley
United States District Judge

6